IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MATTHEW GOFORTH, an individual, <br> MALINDA GOFORTH, an individual, <br> MG MANAGEMENT CO., LLC, a Missouri <br> limited liability company, and <br> MALINDA'S SUGAR AND SPICE, LLC, <br> A Missouri limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> TRANSFORM HOLDCO LLC, a Delaware <br> limited liability company, <br> HOMETOWN MIDCO, LLC, a Delaware limited <br> liability company, <br> ESL INVESTMENTS, INC., a Delaware <br> Corporation, and <br> ESL PARTNERS, L.P., a Delaware limited <br> Partnership, <br><br> Defendants. | Case No. 6:23-cv-03167 |

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Transform Holdco, LLC, Hometown Midco, LLC, ESL Investments, Inc., and ESL Partners, L.P. ("Defendants") hereby move to dismiss all claims in Plaintiffs' Matthew Goforth, Malinda Goforth, MG Management Co., LLC, and Malinda's Sugar and Spice, LLC ("Plaintiffs") Complaint (ECF No. 1) with prejudice for the following independently-dispositive reasons:

*First*, Plaintiffs do not allege any impact on interstate commerce, and in fact, their Complaint affirmatively pleads that the effects of the alleged conduct were confined to a "local" market that only "encompasses Bolivar, Missouri." Because Plaintiffs have not alleged and cannot prove impact on interstate commerce, they cannot maintain a Section 1 claim.

*Second*, although Plaintiffs allege that they suffered individual injury, they do not allege that the noncompete provision in challenged Dealer Agreement caused harm to competition more

broadly.  Plus, Plaintiffs' alleged injury was the result of action by a third party, not Defendants. Plaintiffs thus have not suffered antitrust injury and, as a result, lack antitrust standing.

*Third*, none of the named Defendants were parties to the contract at issue, and none were responsible for enforcing the allegedly illegal noncompete provision.  Plaintiffs have thus not alleged that Defendants restrained trade in violation of the antitrust laws.

*Fourth*, an agreement among competitors is an essential requirement of a Sherman Act Section 1 claim, Plaintiffs failure to allege any such agreement dooms their claims.

*Fifth*, Plaintiffs' claim is subject to the rule of reason, which requires a factfinder to weigh all of the circumstances when deciding whether a practice is anticompetitive.  Because Plaintiffs have not adequately pled a relevant product and geographic market, as is required under the rule of reason, their claims cannot succeed.

*Finally*, Plaintiffs claim arises out of an alleged noncompete provision that was inserted in 2012 into an existing Dealer Agreement, which Plaintiffs later assumed in 2016.  Plaintiffs' claim on its face is barred by the applicable four-year statute of limitations.

Because each of these defects is foundational, any amendment would be futile.  Plaintiffs' Complaint, therefore, should be dismissed in its entirety and with prejudice.

Defendants respectfully request oral argument on their Motion to Dismiss.

Dated: October 23, 2023

Respectfully submitted,

s/ *Jonathan Benevides*

Jonathan Benevides     MO No. 61594
BAKER STERCHI COWDEN & RICE, LLC
Pershing Road, Suite 500
Kansas City, MO 64108
Telephone:    816-471-2121
Facsimile:     816-472-0288
benevides@bscr-law.com

R. Brendan Fee, (*pro hac vice*)
Dennie B. Zastrow, (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: 215-963-5000
Facsimile:   215-963-5001
brendan.fee@morganlewis.com
dennie.zastrow@morganlewis.com

*Attorneys for Defendants Transform Holdco, LLC, Hometown Midco, LLC, ESL Investments, Inc., and ESL Partners, L.P.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of October, 2023, the foregoing was filed electronically using this Court's CM/ECF filing system, which sent notification of such filing to all counsel of record.

*/s/ Jonathan E. Benevides*