IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MATTHEW GOFORTH, an individual, MALINDA GOFORTH, an individual, MG MANGAEMENT CO., LLC, a Missouri Limited liability company, and MALINDA'S SUGAR AND SPICE LLC, a Missouri limited liability company, | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | Case No. 6:23-cv-03167-MDH |
| TRANSFORM HOLDCO LLC, a Delaware Limited liability company, HOMETOWN MIDCO, LLC, a Delaware limited liability Company, ESL INVESTMENTS, INC., a Delaware Corporation, and ESL PARTNERS, L.P., a Delaware limited Partnership, | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Motion for Summary Judgment. (Doc. 66). Defendants have filed their suggestions in support (Doc. 67), Plaintiffs has filed their suggestions in opposition (Doc. 90), and Defendants have filed their reply. (Doc. 106). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Defendants' Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

This case arises out of an alleged violation of Section One of the Sherman Antitrust Act based upon a non-compete provision restricting Plaintiffs from operating Goforth Home and Lawn, a home and lawn store in Bolivar, Missouri. Plaintiffs Matthew and Malinda Goforth are citizens

1

and residents of Bolivar, Missouri and the owners of MG Management Co., LLC ("MG"). Malinda Goforth is the owner of Malinda's Sugar and Spice LLC a Missouri limited lability company that owns and operates Goforth Home and Lawn. MG is a Missouri limited liability company that operated a Sears Hometown Store in Bolivar, Missouri until July of 2019. Defendant Hometown Midco LLC is a Delaware limited lability company wholly owned and controlled by Transform Holdco LLC. Defendant Transform Holdco LLC is a Delaware limited liability company that is wholly owned and controlled by Defendant ESL Investments, Inc. Defendant ESL Investment, Inc. is a Delaware corporation and Defendant ESL Partners, L.P. is a Delaware limited partnership (collectedly, "ESL"). ESL is wholly owned and controlled by Edward Lampert.

On or around December 30, 2015, Sears Authorized Home Stores ("SAHS") and MG entered into a Dealer Agreement, granting MG a limited license to operate an existing SAHS merchandise facility in Bolivar, Missouri until July 6, 2019. The Dealer Agreement contained an arbitration provision covering "all controversies, disputes, and claims" involving "Sears Hometown or any of its Affiliates, or any of their respective shareholders, officers, directors, agents, employees, legal representatives … successors and assigns." The Dealer Agreement also contained a non-compete provision that prohibited MG, its affiliates, and its immediate family members from having any direct or indirect controlling ownership interest in any competing business that operates within fifty miles of MG's business. The non-compete provision was to last two years after the expiration of the Dealer Agreement, expiring on July 6, 2021.

On or around April 9, 2019, SAHS learned that Matthew Goforth would not be renewing his Dealer Agreement with SAHS when it expired in July of 2019. SAHS then filed an emergency motion for interim relief on June 7, 2019, to enforce the non-compete provision of the Dealer Agreement. Matthew Goforth submitted an affidavit stating that neither MG, himself, nor any

2

entity in which he or MG have interest or control have made any plans to compete with SAHS following the expiration of the Dealer Agreement on July 6, 2019. The arbitrator denied SAHS's emergency motion for injunctive relief based upon the declaration of Matthew Goforth stating he had no intention to complete with SAHS following the expiration of the Dealer Agreement on July 6, 2019.

SAHS brought a renewed motion for injunctive relief based on a local news article published on July 20, 2019, highlighting Malinda Goforth's remodeling of the former SAHS business to house her new business, Goforth Home and Lawn. SAHS also attached a Facebook post by Malinda Goforth on July 20, 2019, which also announced her plans to open Goforth Home and Lawn, as well as the Registration of Fictious Name from the Missouri Secretary of State website for Goforth Home and Lawn that was filed June 5, 2019. SAHS requested an order enjoining Plaintiffs from operating Goforth Home and Lawn. SAHS also requested attorneys' fees because Malinda's intentions to set up a competing business on the same location should have been revealed during the prior hearing for emergency relief.

On November 20, 2019, SAHS was granted an interim order enjoining Plaintiff's from operating Goforth Home and Lawn and attorneys' fees. SAHS posted bond for interim injunctive relief of $150,000.00. The arbitrator found that Malinda Goforth, and by extension Malinda's Sugar and Spice, LLC, was subject to the Dealer Agreement based upon the plain language of the section 15.8 which states that competition may not be undertaken by any member of Owner's immediate family. The Arbitrator additionally found that the conduct by Matthew Goforth and MG at the previous emergency hearing justifies entry of an award of attorneys' fees incurred by SAHS in this matter for not alerting the prior arbitrator of Malinda's plans to compete. The arbitrator's ruling was appealed and was affirmed in its entirety on March 16, 2020.

On September 23, 2020, a final arbitration award was entered in the first arbitration enforcing as lawful the noncompete provision of the Dealer Agreement, awarding attorneys' fees to SAHS in the amount of $74,952.00 and non-American Arbitration Association costs of $34,194.69. Plaintiffs then appealed the arbitration award and on January 14, 2021, an appellate arbitrator reversed and held the non-compete provision was unenforceable while affirming the amount of attorneys' fees. The award was silent as to the bond for injunctive relief.

Plaintiffs initiated the second arbitration alleging that SAHS's enforcement of the non-compete provision in the Dealer Agreement violated the Sherman Act and the Illinois Antitrust Act. Plaintiffs asked the second arbitrator for damages, treble damages, attorneys' fees and costs for violation of the Federal Sherman Act and the Illinois Antitrust Act and, alternatively, an action on the bond posted in the prior interim award in the first arbitration. On June 4, 2021, the arbitrator in the second arbitration denied SAHS's Motion to Dismiss the second arbitration but acknowledged that the "new arbitration … involve[ed] the same parties, the same core of operative facts, and the same core legal issues as the prior matter and at least three prior interim awards in the prior matter." The second arbitrator also found that the first arbitrator's final award on appeal is a final judgment under Illinois law. On May 3, 2022, the arbitrator issued an award "in full settlement of all claims submitted" in the second arbitration. The arbitrator found Plaintiffs alternative action on the bond as denied for being abandoned. The arbitrator additionally found that Plaintiff's antitrust claims were compulsory counterclaims in the first arbitration because they arose by the time MG filed its answers. The arbitrator ultimately found in favor of SAHS and against Plaintiffs under the Sherman Act and the Illinois Antitrust Act.

On May 20, 2022, Plaintiffs filed a notice of appeal in the second arbitration. On December 14, 2022, the American Arbitration Association suspended the arbitral appeal pending SAHS's

4

bankruptcy proceedings. On March 29, 2023, Plaintiffs sought relief from the Bankruptcy Court to permit them to continue the appeal in the second arbitration. On May 25, 2023, Plaintiffs, along with SAHS, stipulated to an indefinite stay of the appeal in the second arbitration. Plaintiffs then brought this case alleging a federal antitrust claim under Section One of the Sherman Act arising out of SAHS's enforcement of the noncompete restriction as an illegal restraint on trade through Defendants.

Defendants bring their Summary Judgment Motion arguing Plaintiffs' claim is barred because it was a compulsory counterclaim that should have been raised in the first arbitration. Defendants also argue that Plaintiffs' Antitrust claim is foreclosed by *res judicata* because it was litigated in the second arbitration. The Court will take each argument in turn.

**STANDARD**

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1359 (8th Cir. 1993). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). To satisfy this burden, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

ANALYSIS

I.  **Compulsory Counterclaim**

Defendants first argue that Plaintiffs were required to assert the antitrust claim they have alleged in this case as a counterclaim during the first arbitration and are therefore barred from pursuing it here. Specifically, Defendants state that Plaintiffs could have brought an antitrust counterclaim as soon as SAHS initiated the arbitration, even though the non-compete had not yet been enforced as Plaintiffs were seeking damages related to their defense of the emergency motion for interim relief in the first arbitration that were incurred on June 7, 2019. Plaintiffs argue that their claim in this case was not a compulsory counterclaim in the first arbitration because the claim did not arise until November 20, 2019, when the emergency interim award was entered.

An antitrust cause of action generally "accures and the statue begins to run when a defendant commits an act that injures a plaintiff's business." *Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1050 (8th Cir. 2000) (quoting *Zenith Radio corp. v. Hazeltine research, Inc.*, 401 U.S. 321 338, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971)). A plaintiff need not "prove an actual lessening of competition in order to recover. Competitors may be able to prove antitrust injury before they actually are driven from the market and competition is thereby lessened." *Blue Shield of Virginia v. McCready*, 457 U.S. 465, 482, 102 S.Ct. 2540, 2550, 73 L.Ed. 2d 149 (1982) (citing *Brunswick Corp v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977)). Federal Rule of Civil Procedure 13 states:

> (1) *In General*. A pleading must state as a counterclaim any claim that–at the time of its service–the pleader has against an opposing party if the claim:
>
> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and

6

> (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a).

Here the second arbitrator specifically took up the issue the parties now present to the Court. The second arbitrator's award stated, "MG sought attorneys' fees in both of its responsive pleadings, taking the position that Sears' alleged antitrust violation started damaging it as soon as it began incurring defense fees." (Doc. 67-7, page 4). The award further states "MG is seeking damages for a claim that it could–and should–have brought by the time it filed responsive pleadings and sought recovery for defense fees on July 15, 2019, and October 18, 2019." (Doc.67-7, page 5). The Court finds that Plaintiff's antitrust claim accrued upon the initiation of the first arbitration by SAHS on June 7, 2019. This is evident from Plaintiff's claims in the second arbitration of damages that started to accrue from the initiation of the first arbitration and noted within the award opinion from the second arbitrator. As Plaintiff could have brought the antitrust cause of action at this time, the Court additionally finds that Plaintiff failed to raise it as a compulsory counterclaim pursuant to Federal Rule of Civil Procedure 13.

Plaintiffs also make the argument that Defendants were not a part of the Dealer Agreement and thus Plaintiffs claim was not a compulsory counterclaim pursuant to Federal Rule of Civil Procedure 13(a)(1)(B). However, Plaintiffs has alleged that Defendants "Transform, Lampert and ESL, through SAHS, enforced a post-expiration noncompete restriction against Goforth starting on March 16, 2020." (Complaint ¶ 63).

The Eighth Circuit has held "[a] willing signatory seeking to arbitrate with a non-signatory that is unwilling must establish at least one of the five theories described in *Thomson–CSF, S.A. v. Am. Arb. Ass'n*, 64 F.3d 773, 76 (2d Cir. 1995)." *Haarslev, Inc. v. Nissen*, No. 5:19-CV-06128-

BCW, 2023 WL 2782313, at *3 (W.D. Mo. Jan. 30, 2023) (quoting *Reid v. Doe Run Res. Corp.*, 701 F.3d 840, 846 (8th Cir. 2016)). The five theories are: (1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing/alter ego; and (5) direct benefits estoppel. *Id*. Under the direct benefits estoppel theory, a nonsignatory can be bound to an arbitration agreement "(1) by knowingly seeking and obtaining 'direct benefits' from the contract; or (2) by seeking to enforce the terms of the contract or asserting claims that must be determined by reference to that contact." *Reid v. Doe Run Res. Corp.*, 701 F.3d 840, 846 (8th Cir. 2016) (citing *Novel Drilling Servs. v. Certex USA, Inc.*, 620 F.3d 469, 473 (5th Cir. 2010)).

Here, based on Plaintiffs' Complaint, Defendants, acting through SAHS, were seeking to enforce the non-compete provision of the Dealer Agreement. Pursuant to the direct benefits estoppel theory, that act would bind Defendants to the Dealer Agreement. As such, jurisdiction would have been had by the first arbitrator as to Defendants and Plaintiff could have brought their antitrust claim as a counterclaim in the first arbitration.

Lastly, Plaintiffs argue that the owner of Goforth Home and Lawn, Malinda's Sugar & Spice, LLC, was not a party to the arbitration agreement and was not made a party to the arbitration until November 20, 20219. As such, Plaintiffs argue Malinda Goforth and Malinda's Sugar & Spice, LLC had no opportunity to file counterclaims against SAHS before November 20, 2019, as they were not parties and would have waived their objections to jurisdiction.

Section 27.2 of the Dealer Agreement covers the parties and disputes covered. It states in relevant part: "[i]f natural persons are subject to these arbitration requirements, including shareholders, officers, directors, agents, employees, and attorneys and others in representative capacities, these arbitration requirements will also apply to the spouses and immediate family members of these natural persons." (Doc. 67-1, § 27.1). The Dealer Agreement explicitly stated

8

that this agreement would apply to spouses and immediate family members of any person to the agreement. Additionally, this same argument was brought up on appeal from the first arbitration. The first arbitrator in his award on appeal explicitly stated that the original order properly determined that the arbitrator had jurisdiction over Malinda and Malinda's Sugar & Spice, LLC as a part of Matthew's immediate family and her controlled corporation. (Doc. 67-3, page 2). The appeal also affirmed jurisdiction based on principles of equitable estoppel and agency principles. *Id*. at page 3. For the reasons stated, Defendant's Motion for Summary Judgment based on Plaintiff's claim being a compulsory counterclaim in the first arbitration is **GRANTED**.

## II.     Res Judicata

The Court, having granted summary judgment based on Plaintiffs having to bring their claim as a compulsory counterclaim in the first arbitration and in the interest of judicial efficiency, need not proceed on the issue of *res judicata*.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED**. Summary Judgment is hereby entered in favor of Defendants.

**IT IS SO ORDERED**.

DATED: June 12, 2025

    */s/ Douglas Harpool*
    **DOUGLAS HARPOOL**
    **UNITED STATES DISTRICT JUDGE**